UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HOWARD MERCER, DAVID MERCER,

                Plaintiffs,

-against-

BANK OF NEW YORK MELLON, N.A.,
MARTIN D. NEWMAN, Trustees of the Trusts
U/W Norman J. Mercer, Deceased,

                Defendants.
----------------------------------------------------------X

**ORDER**
13-CV-5686 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 21 2014   ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On October 16, 2013, plaintiffs Howard Mercer ("Howard") and David Mercer ("David") (collectively, "plaintiffs") commenced this action against defendants Bank of New York Mellon, N.A. ("BNY") and Martin D. Newman ("Newman") (collectively, "defendants"), alleging, *inter alia*, breach of fiduciary duty, breach of contract, and breach of duty of loyalty.[1] [Docket Entry No. 1]. On December 20, 2013, defendants moved to dismiss plaintiffs' complaint.[2] [Docket Entry No. 15]. On January 21, 2014, plaintiffs moved to strike portions of BNY's reply memorandum of law in support of its motion to dismiss. [Docket Entry No. 32]. Now before the Court is the Report and Recommendation of Magistrate Judge William D. Wall dated May 22,

---

[1] These three (3) causes of action are all based on allegedly improper distributions to Carol M. Mercer ("Carol"), wife of the deceased Norman J. Mercer ("Norman"), from one (1) of the trusts created in Norman's will (the "Marital Trust"). Plaintiffs' complaint also asserts "causes of action" for punitive damages and attorneys' fees.

[2] BNY filed the moving papers for the instant motion to dismiss. [Docket Entry No. 15]. Newman joined BNY's motion to dismiss. [Docket Entry No. 22]. Defendants move to dismiss plaintiffs' complaint for: (1) lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), based on the probate exception to federal jurisdiction, and *Colorado River* abstention; and (2) failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

2014 (the "Report"), that plaintiffs' motion to strike be denied, and defendants' motion to dismiss be granted because the Court lacks subject matter jurisdiction due to the probate exception to federal diversity jurisdiction, and because *Colorado River* abstention is warranted.[3] [Docket Entry No. 42]. On June 5, 2014, plaintiffs filed objections to the Report ("Obj."). [Docket Entry No. 43]. On June 19, 2014, defendants filed a response to plaintiffs' objections ("Rep. to Pls.' Obj."). [Docket Entry No. 44]. The Court has fully considered the parties' submissions. For the reasons that follow, the Court adopts the portion of the Report that recommends finding that the probate exception divests this Court of subject matter jurisdiction over plaintiffs' claims.

I. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge

---

[3] The facts underlying this action are set forth in the Report and are hereby incorporated by reference. *See* Report, at 1-7. The same facts are at issue in a companion case filed in this Court by plaintiffs against Carol, plaintiffs' estranged stepmother and, along with BNY and Newman, co-executor of Norman's will and co-trustee of the testamentary trusts created therein. *See Mercer, et al. v. Mercer*, No. 13 Civ. 4192 (SJF)(WDW) (the "13-4192 Action"). Carol moved to dismiss the 13-4192 Action based on primarily the same grounds raised by defendants in the instant action. Magistrate Judge Wall has issued a separate report, recommending that Carol's motion to dismiss the 13-4192 Action be granted. An order on Carol's motion to dismiss in the 13-4192 Action is being issued contemporaneously with this decision.

2

as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiffs object to each finding underlying Magistrate Judge Wall's recommendation that defendants' motion to dismiss be granted.[4] Accordingly, the Court is required to conduct a *de novo* review of the Report.

II.  Probate Exception to Federal Jurisdiction

In *Markham v. Allen*, the Supreme Court held that federal courts "have jurisdiction to entertain suits in favor of creditors, legatees and [heirs] and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946) (internal quotation marks and citation omitted). In *Marshall v. Marshall*, the Supreme Court labeled the words "interfere with the probate proceedings" from the *Markham* opinion as "enigmatic" and sought to clarify the scope of the probate exception. 547 U.S. 293, 310-11, 126 S.Ct. 1735, 164

---

[4]  Plaintiffs also object to Magistrate Judge Wall's recommendation that plaintiffs' motion to strike be denied. As explained *infra*, upon *de novo* review, this Court holds that plaintiffs' claims are subject to the probate exception and therefore must be dismissed. This determination is not based upon the portions of defendants' reply that plaintiffs now move to strike. Therefore, plaintiffs' motion to strike is moot.

3

L.Ed.2d 480 (2006). The Supreme Court held that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 311-12, 126 S.Ct. 1735. "[S]o long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it." *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 106 (2d Cir. 2007). Thus, as Magistrate Judge Wall correctly noted, this Court must consider whether: (1) "the money distributed by BNY to Carol from the Marital Trust u/w Norman J. Mercer is property in the custody of the state court, such that this court lacks jurisdiction over them," or (2) "ruling on the causes of action set forth by the plaintiffs would somehow amount to this court's 'administering the estate.'" Report, at 13.

Plaintiffs' first three (3) causes of action allege that two hundred nine thousand eight hundred twenty-one dollars and seventeen cents ($209,821.17) from the Marital Trust was improperly distributed to Carol. The Court agrees with Magistrate Judge Wall that "plaintiffs can call their claims whatever they choose – breach of fiduciary duty, breach of contract, or breach of duty of loyalty, but what they are really complaining about is the alleged mismanagement of assets in the trusts and malfeasance by the fiduciaries." Report, at 14. Magistrate Judge Wall concluded that the probate exception bars this Court from considering these claims because "the distribution of funds from a trust created by the will and still under the control of the Surrogate would require this court to both interfere in the administration of the estate and exercise jurisdiction over property in the custody of the state court." Report, at 14.

4

In objecting to this finding by Magistrate Judge Wall, plaintiffs rely on the fact that "no Trust accounting [was] filed when Plaintiffs Complaint was filed or when Judge Wall's Report and Recommendation were issued," and thus conclude that "the funds at issue are currently in the possession of the Trustees and the Surrogate's Court is not exercising in rem jurisdiction over these funds at this time." Obj., at 12. However, pursuant to a pretrial order of the Surrogate's Court dated March 11, 2014 [Docket Entry No. 44-2], the trustees filed a trust accounting with the Surrogate's Court on June 5, 2014.[5] *See* Rep. to Pls.' Obj., at 11 (citing *Accounting by BNY Mellon, N.A., Martin D. Newman & Carol Mercer as Trustees of the GTS Non Exempt Marital Trust created U/W of Norman J. Mercer*, No. 211 P 2008/D (Sur. Ct. Suffolk County 2014)).

While plaintiffs correctly admit that if "[their] claims are successful, the wrongful distributions will be returned to the Trust," plaintiffs improperly conclude that the "Surrogate's Court will not see the result of this action as the Trusts are not presently before the Surrogate's Court." Obj., at 12. The filing of the trust accounting on June 5, 2014 placed the trusts squarely before the Surrogate's Court. Therefore, the Court overrules plaintiffs' objections and holds that probate exception applies to plaintiffs' claims relating to the allegedly improper distributions of funds from the Marital Trust. *See Lefkowitz*, 528 F.3d at 107 ("With these counts, Plaintiff seeks to mask in claims for federal relief her complaints about the maladministration of her parent's

---

[5] In their objections to the Report, which were also filed on June 5, 2014, plaintiffs contend that "[e]ven if the Trustees were to file a trust accounting with the Surrogate's Court tomorrow, next week or next year it could not, as a matter of law, have any possible bearing on [the Report], as to whether or not this Court has subject matter jurisdiction over this case because it is undisputed that no trust accounting had been filed with the Surrogate's Court at the time Plaintiffs filed their complaint." Obj., at 3. This argument is unavailing. By objecting to the Report, plaintiffs have invoked this Court's *de novo* review of whether the probate exception applies to plaintiffs' claims. Upon *de novo* review, this Court takes judicial notice of the trust accounting filed by the trustees with the Surrogate's Court on June 5, 2014, as required by the March 11, 2014 pretrial order. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

estate, which have been proceeding in probate courts" and would require the federal court "to assert control over property that remains under the control of state courts."). Accordingly, plaintiffs' claims are hereby dismissed.[6]

III. Conclusion

For the foregoing reasons, plaintiffs' objections are overruled and this Court adopts the portion of Magistrate Judge Wall's Report that recommends finding that the probate exception applies to plaintiffs' claims. Accordingly, plaintiffs' claims are dismissed. The Clerk of the Court shall enter judgment accordingly and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: July 21, 2014
Central Islip, New York

---

[6] Because the Court concludes that the probate exception divests this Court of subject matter jurisdiction to consider plaintiffs' claims, it need not address defendants' remaining arguments for dismissal. *See Leskinen v. Halsey*, No. 12-cv-0623, 2013 WL 801128, at *5 (E.D.N.Y. Mar. 5, 2013) ("As this Court lacks subject matter jurisdiction, it does not address defendants' other arguments in support of dismissal."). Plaintiffs' causes of action for punitive damages and attorneys' fees are requests for relief that could potentially flow if plaintiffs were successful on their independent tort causes of action. The Court hereby adopts Magistrate Judge Wall's recommendation that plaintiffs' claims for punitive damages and attorneys' fees be dismissed in light of the Court's dismissal of plaintiffs' first three (3) causes of action. Report, at 24, 26.

6